No. 21-30177

———————————

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEOPOLDO RIVERA-VALDES,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the District of Oregon
Portland Division
No. 3:19-cr-00408-IM-1
The Honorable Karin J. Immergut

———————————

REPLY BRIEF OF APPELLANT

———————————

Kimberly-Claire E. Seymour
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, OR 97405
(541) 465-6937

Attorney for Defendant-Appellant

## TABLE OF CONTENTS

**Page**

Table of Contents ...................................................................i

Table of Authorities...............................................................ii

Introduction..........................................................................1

Argument..............................................................................3

    A.    *Jones* Applies to Notices Sent in the Immigration Context. ................................................................3

    B.    Because The Immigration Judge Knew That Certified Mail Was Not Delivered To Mr. Rivera-Valdes At The Cleveland Avenue Address, The Judge Should Have Made Additional Efforts To Provide Notice...........................4

    C.    This Court Should Remand For The District Court To Decide The Issue Of Prejudice And Compliance With § 1326(d)(1) And (2) In The First Instance. ...................................................8

Conclusion ..........................................................................12

# TABLE OF AUTHORITIES

**Page**

## SUPREME COURT OPINIONS

*Jones v. Flowers,*
547 U.S. 220 (2006) ..................................................................... 1, 2, 5

## FEDERAL COURT OPINIONS

*Arrieta v. I.N.S.,*
117 F.3d 429 (9th Cir. 1997) ......................................................... 4-5

*Chiadez v. Gonzalez,*
486 F.3d 1079 (9th Cir. 2007) ........................................................... 4

*Detrich v. Ryan,*
740 F.3d 1237 (9th Cir. 2013) ........................................................... 9

*Dream Palace v. Cnty of Maricopa,*
384 F.3d 990 (9th Cir. 2004) ......................................................... 10

*Farhoud v. INS,*
122 F.3d 794 (9th Cir. 1997) ..................................................... 1, 5, 6

*Honcharov v. Barr,*
924 F.3d 1293 (9th Cir. 2019) ....................................................... 10

*Onyejekwe v. INS,*
35 F. App'x 510 (9th Cir. 2002) ....................................................... 5

*Peralta-Cabrera v. Gonzales,*
501 F.3d 837 (7th Cir. 2007) ........................................................... 3

*Rendon v. Holder,*
400 F. App'x 218 (9th Cir. 2010) ....................................................... 3

*Rodriguez v. Hayes,*
591 F.3d 1105 (9th Cir. 2010) ........................................................... 9

ii

*United States v. Melendez-Castro,*
    671 F.3d 950 (9th Cir. 2012) ......................................................... 9-10

*United States v. Pallares-Galan,*
    359 F.3d 1088 (9th Cir. 2004) ......................................................... 10

*Warmenhoven v. NetApp, Inc.,*
    13 F.4th 717 (9th Cir. 2021) ............................................................. 9

## UNITED STATES CODE

8 U.S.C. § 1252b(a)(2)(A) (1998) ............................................................. 4

8 U.S.C. § 1326(d) ............................................................................... 2, 8

## RULES

Rule 36-3 ............................................................................................. 6

## OTHER

*Matter of G-M-,*
    7 I&N Dec. 40 (BIA 1955).................................................................11

# INTRODUCTION

According to the Supreme Court, the constitutional due process right to fair notice requires that the government provide notice "reasonably calculated, under all the circumstances," to reach the interested party. *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *see Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997). Here, the Immigration Court sent the notice of Mr. Rivera-Valdes's deportation hearing by certified mail to an address where mail had already been returned as undeliverable. After the notice was returned as unclaimed, neither the Immigration Court nor the government took any further steps to effect notice. For the same reasons articulated in *Jones*, that single mailing was not reasonably calculated to reach Mr. Rivera-Valdes, and his subsequent *in absentia* deportation order was entered in violation of his right to due process.

In its answering brief, the government argues that *Jones* does not control the due process standard for notice in the immigration context, that *Jones* is factually inapposite, and that, in any event, Mr. Rivera-

1

Valdes' challenge to his deportation order does not meet the other statutory criteria in 8 U.S.C. § 1326(d) for a successful collateral challenge. None of those arguments provides a basis for affirmance.

Contrary to the government's position, *Jones* addressed the constitutional due process standard for providing notice, and multiple Courts of Appeals, including this Court, have applied the *Jones* standard in the immigration context. It is also not the case that a hearing notice sent by certified mail is categorically sufficient to satisfy due process, as the government contends. Rather, when notice sent by certified mail is returned as unclaimed and when reasonable additional measures to provide notice are available, more is required. Applying the Supreme Court's holding in *Jones* to the specific facts of this case, due process "require[d] the government to do something more." *Jones*, 547 U.S. at 227. Finally, the government's alternative arguments about prejudice, exhaustion of administrative remedies, and availability of judicial review, should be addressed by the district court in the first instance on remand.

## ARGUMENT

### A. *Jones* Applies to Notices Sent in the Immigration Context.

The government cannot support its position that this Court should refuse to apply *Jones* in the immigration context. Gov't Resp. at 13. *Jones* is applicable because it is a constitutional decision setting forth the standard for due process and interpreting the same "reasonably calculated" standard that applies here. Not only has this Court has applied *Jones* to immigration actions, *Rendon v. Holder*, 400 F. App'x 218 (9th Cir. 2010),[1] the Seventh Circuit has done so, as well.

In *Peralta-Cabrera v. Gonzales*, 501 F.3d 837, 843 (7th Cir. 2007), a case that the government cites in its response, the Seventh Circuit assessed whether Peralta-Cabrera received proper notice of his deportation hearing. Gov't Resp. at 9. The court recounted the Immigration and Nationality Act's (INA) mandate "that it is the government's duty to ensure that hearing notices are successfully 'given' to the [noncitizen]." *Peralta-*

---

[1] In *Rendon*, the government did not argue that *Jones*'s constitutional standard was inapplicable to the immigration actions. Instead, the government opined that *Jones* did not apply for a purely factual reasons, as there was no indication that the notice was returned as unclaimed or undelivered. Gov't Resp. at *16, n.16, *Rendon v. Holder*, 400 F. App'x 218 (Aug. 24, 2007).

*Cabrera*, 501 F.3d at 845 (citing 8 U.S.C. § 1252b(a)(2)(A) (1998)). It then underscored the government's responsibility to ensure that mailed notice is successfully delivered by citing to *Jones*. *Id*. The Seventh Circuit went even further, describing alternate means of service reasonably available to ensure that notice would be properly delivered. *Id*. at 846 (suggesting that the government could have provided personal service of notice when Peralta-Cabrera was initially detained at the airport).

This Court should, therefore, reject the government's unsupported and contradictory position and apply the Supreme Court's decision in *Jones* to its analysis here.

**B. Because The Immigration Judge Knew That Certified Mail Was Not Delivered To Mr. Rivera-Valdes At The Cleveland Avenue Address, The Judge Should Have Made Additional Efforts To Provide Notice.**

The government argues that this Court has repeatedly held, even post-*Jones*, that notice sent by certified mail to the noncitizen's address of record necessarily meets the "reasonably calculated" standard. Gov't Resp. at 10. That is incorrect. Rather, a hearing notice sent by certified mail to the noncitizen's last known address "*can* be sufficient." *See Chiadez v. Gonzalez*, 486 F.3d 1079, 1084 (9th Cir. 2007) (citing *Arrieta v.*

4

*I.N.S.*, 117 F.3d 429, 431 (9th Cir. 1997) (emphasis added). But it is not necessarily so. Evaluating due process is a factual question where courts must consider whether, under "all the circumstances" both before and after the notice is sent, the notice is "reasonably calculated" to reach the recipient and whether there are "additional reasonable steps" available to attempt to provide notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997).

What's more, the fact that notice that is statutorily sufficient under the INA does not necessarily mean that the notice complied with constitutional due process under *Jones*'s "reasonably calculated" standard. The government unpersuasively cites to a string of decisions where this Court only addressed whether notice met the INA's statutory requirements, *see* Gov't Resp. at 11, but none of those decisions assessed whether notice met the "reasonably calculated" due process standard articulated in *Jones*.

Next, the government cites this Court's decision in *Onyejekwe v. INS*, 35 F. App'x 510, 511 (9th Cir. 2002), for the proposition that the INA's statutory notice provisions necessarily satisfy constitutional due

process requirements. Gov't Resp. at 11. First, the Court should decline to consider this unpublished disposition made in violation of Circuit Rule 36-3. Moreover, the government's reading is wrong. *Onyejekwe* said that the "reasonable cause" standard for a motion to reopen does not violation due process. *Id.* (emphasis added). That specific standard is not at issue here, and the Court made no suggestion that the statutory notice provisions necessarily meet constitutional due process requirements. In fact, it appears that the Court considered statutory notice and constitutional due process separately. *Id.* (finding that notice satisfied the statutory requirements and separately addressing whether notice was "reasonably calculated" to reach the petitioner under the due process standard set forth in *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997)).

Furthermore, none of this Court's prior decisions involving unclaimed notices sent by certified mail involved circumstances analogous to the ones at issue here. Here, before the Immigration Judge (IJ) sent the notice of hearing to Mr. Rivera-Valdes, the government mailed him a

copy of its motion to schedule the matter for a hearing. ER-129. The mailing was returned as "not deliverable."[2] ER-129. The returned mailing gave the IJ reason to suspect that future mailings to Mr. Rivera-Valdes at the Cleveland Avenue address would not reach him. Nevertheless, the IJ proceeded to send Mr. Rivera-Valdes the hearing notice by certified mail to the same address where the earlier mailing failed to reach him. ER-130. The notice thereafter was returned as "unclaimed." ER-131. And, as in *Jones*, the IJ's failure to follow up and make additional efforts at notice failed to satisfy the requirements of due process.

This Court should find that, upon the IJ's receipt of the returned OSC, and later the returned unclaimed notice, the steps taken were not "reasonably calculated" to provide actual notice; there were additional, reasonable measures available to provide notice, and proceeding *in absentia* without additional follow up was "unreasonable."

---

[2] "Not Deliverable as Addressed—Unable to Forward" indicates that the mail is "undeliverable at the address given; no change-of-address order on file; forwarding order expired." *507 Mailer Services*, USPS Postal Explorer, https://pe.usps.com/text/dmm300/507.htm (last visited Sept. 21, 2022).

**C.** **This Court Should Remand For The District Court To Decide The Issue Of Prejudice And Compliance With § 1326(d)(1) And (2) In The First Instance.**

Before the district court below, Mr. Rivera-Valdes argued that he met all the requirements for dismissal under 8 U.S.C. § 1326(d): that he exhausted administrative remedies, that he was deprived of judicial review, and that he suffered prejudice as a result of a due process violation. ER-160. In denying relief, the district court addressed only whether a due process violation occurred and declined to reach the questions of prejudice, exhaustion of remedies, and judicial review. ER-19. In his opening brief on appeal, Mr. Rivera-Valdes challenged the district court's due process ruling and asked this Court to remand for further proceedings if it finds that a due process violation occurred. Appellant's Br. at 9, 21–24.

In its response brief, the government takes a different approach and contends not only that this Court should decide, in the first instance, whether Mr. Rivera-Valdes has satisfied the remaining requisites under § 1326(d), but also that Mr. Rivera-Valdes *waived* any contention that he satisfied § 1326(d)(1) and (2).

8

As a preliminary matter, the government's reliance on waiver is "groundless." *Warmenhoven v. NetApp, Inc.*, 13 F.4th 717, 728–29 (9th Cir. 2021). In *Warmenhoven*, the Court stated that it was "wrong to suggest that an appellant must address all *possible* alternate grounds for affirmance—even those not ruled upon by the district court—in an opening brief" to avoid waiver. *Id.* at 729 (emphasis in original). An appellant's opening brief need only address those grounds addressed in the district court's ruling. An issue "that was not relied on in the district court's order" is not waived simply by being absent from the opening brief. *Id.* (quoting *Rodriguez v. Hayes*, 591 F.3d 1105, 1118 n.6 (9th Cir. 2010)).

Moreover, this Court's "standard practice," other than for issues not subject to debate, "is to remand to the district court for a decision in the first instance without requiring any special justification for so doing." *Detrich v. Ryan*, 740 F.3d 1237, 1248–49 (9th Cir. 2013). "[O]ur general assumption is that we operate more effectively as a reviewing court than as a court of first instance." *See United States v. Melendez-Castro*, 671 F.3d 950, 954–55 (9th Cir. 2012) ("We remand to the district court for consideration of prejudice in the first instance, and the district court

9

should set forth on the record the reasons for its ultimate decision."); *United States v. Pallares-Galan*, 359 F.3d 1088, 1104 (9th Cir. 2004) ("[T]he district court did not reach the issue of prejudice, and we prefer that it consider it initially.")

The preference for having the district court address arguments initially preserves "the structure of hierarchical court systems." *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019). It ensures that legal arguments are considered "with the benefit of a fully developed factual record" and "offers appellate courts the benefit of the district court's prior analysis." *Dream Palace v. Cnty of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004).

The government argues that Mr. Rivera-Valdes was not prejudiced because he was statutorily ineligible for voluntary departure. Gov't Resp. at 20–22. The government's argument that Mr. Rivera-Valdes is statutorily ineligible for voluntary departure improperly assumes that his prior statement to immigration officials—or a hypothetical statement to an immigration judge at a removal hearing that never occurred—would satisfy the rules for finding an effective admission of a crime involving

10

moral turpitude. For example, for a statement to qualify as an admission, the noncitizen must have admitted all the elements of the crime involved and the immigration official must provide the noncitizen with an understandable definition of the elements of the crime at issues. *Matter of G-M-*, 7 I&N Dec. 40 (BIA 1955). This Court should not find statutory ineligibility for voluntary departure relief without the district court first conducting a fact-specific analysis about whether Mr. Rivera-Valdes's statement qualifies as an admission of a crime involving moral turpitude.

This Court should adhere to that standard practice now. As set out in Mr. Rivera-Valdes's district court pleadings and his opening brief, the questions of prejudice, administrative exhaustion, and the availability of judicial review are not as clear cut as the government contends. If the Court finds that the district court erred in failing to find a due process violation, then the Court should remand to the district court to decide, in the first instance, whether Mr. Rivera-Valdes meets the remaining requirements for dismissal under § 1326(d).

11

## CONCLUSION

For the reasons set forth herein, this Court should reverse the judgment of conviction and the opinion and order denying Mr. Rivera-Valdes' motion to dismiss the indictment and remand for further proceedings.

Respectfully submitted this 28th day of September, 2022.

*/s/ Kimberly-Claire E. Seymour*
Kimberly-Claire E. Seymour
Attorney for Defendant-Appellant

## STATEMENT OF RELATED CASES

I, Kimberly-Claire E. Seymour, undersigned counsel of record for defendant-appellant, Leopoldo Rivera-Valdes, state pursuant to the Ninth Circuit Court of Appeals Rule 28-2.6, that I know of no other cases that should be deemed related.

Dated this 28th day of September, 2022.

*/s/ Kimberly-Claire E. Seymour*
Kimberly-Claire E. Seymour
Attorney for Defendant-Appellant